1. SHERIFFS AND CONSTABLES—DEBT INCURRED BY DEPUTY—PROMISE OF SHERIFF TO PAY.
      A sheriff is liable for a debt contracted by his deputy in the care of cattle levied on, where the deputy in procuring such care assumed to act for the sheriff, and the latter, when asked to pay the debt, did not repudiate it, but promised to pay it later.

2. SAME—OFFICIAL ACTS—LIMITATION OF ACTIONS.
      Such debt does not come within Code Civil Proc. N. Y. § 385, providing that an action against a sheriff "upon a liability incurred by him, by doing an act in his official capacity," must be brought within one year.

Appeal from Oneida county court; I. J. EVANS, Judge.

Action by Byron Rice, assignee of C. A. Simpkins, against Thomas D. Penfield, sheriff of Oneida county, for a debt due Simpkins for the care of cattle placed in his custody by a deputy-sheriff.   The action was originally brought before a justice of the peace of the city of Rome, where the plaintiff was non-suited.   The county court, on December 30, 1887, reversed the judgment of nonsuit, and the defendant appealed.

Argued before HARDIN, P. J., and MARTIN and FOLLETT, JJ.

*McMahon & Curtin,* for appellant.   *D. E. Powers,* for respondent.

FOLLETT, J.   Appeal from a judgment of the county court reversing a judgment of nonsuit rendered in a justice's court.   In February, 1885, the defendant was the sheriff of Oneida county, and one Henry C. Conrad was his deputy.   In that month an execution was issued out of the supreme court, and delivered to said deputy for collection.   The deputy levied upon cattle, and hired one Simpkins to care for them until they were afterwards, and during the same month, taken away by the deputy.   The evidence is undisputed that the deputy, in hiring Simpkins, assumed to act for the sheriff, who, when asked to pay the debt, instead of repudiating the act of the deputy, promised to pay the debt at a later date.   Under the evidence, the defendant became personally liable for the debt, and the plaintiff (Simpkins') assignee is entitled to recover it unless an action is barred by the 385th section of the Code of Civil Procedure, which provides that "an action against a sheriff or coroner, upon a liability incurred by him by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution, must be brought within one year."   The term, "upon a liability incurred by him by doing an act in his official capacity," refers to a liability incurred by official malfeasance or misfeasance, but not to a liability arising out of a mutual contract voluntarily entered into by a sheriff, for his own convenience, with another.   The defendant might have personally performed this service, but he chose to hire another; and the remedy for his breach of this obligation is not barred by the lapse of one year.   The judgment of the county court is affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.

---

### PENNY *v.* HUEBENER.

*(Supreme Court, General Term, Fifth Department.   October, 1888.)*

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
      In support of defendant's counter-claim, a witness testified that, at plaintiff's personal request, he borrowed from defendant a sum of money, and paid it out for plaintiff's benefit.   Plaintiff testified positively that he never requested the witness to procure the money from defendant.   *Held,* that plaintiff's testimony amounted to a denial of what the witness had testified, and that the trial court's finding on the point would not be interfered with on appeal.

**2. SAME—OBJECTION NOT RAISED BELOW.**
    The point that a counter-claim was not disputed by the reply cannot be raised for the first time on appeal, after trial.

Appeal from Erie county court; WILLIAM H. HAMMOND, Judge.

This is an appeal by the defendant, Susanna Huebener, from a judgment in favor of the plaintiff, Deloss Penny, for the sum of $70.50, and $95.32 costs. Appellant complains of the action of the county court in finding that the counter-claim set up by her was not supported by the evidence.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ. Adelbert Moot, for appellant. Myron H. Clark, for respondent.

BARKER, P. J. The plaintiff's cause of action was upon the defendant's promise to pay a debt owing by the plaintiff, which had passed into a judgment against him in favor of Thomas Murray, for the sum of $70.50. The defendant in her answer admits making the promise, but seeks to diminish the amount of the recovery by setting up a counter-claim, which was disputed by the plaintiff, and disallowed by the trial court. The foreclosure was pending, and the lands owned by the wife of the plaintiff, and at the time stated in the answer the interest and costs amounted to $64. The defendant was the mortgagee, who had transferred the mortgage to a third party, who in the foreclosure proceedings made her a party defendant. The defendant claims that she, at the plaintiff's request, and upon his promise to repay the same to her, advanced to the holder of the bond and mortgage the interest and costs for the purpose of securing the discontinuance of the foreclosure proceedings, and such alleged promise constitutes the counter-claim. The defendant called and examined a witness, who testified in positive terms that he, at the personal request of the plaintiff, procured from the defendant $64.15, and paid the same over to the attorney who was conducting the foreclosure proceedings, to secure a discontinuance of the same. The plaintiff was called as a witness in his own behalf, and positively denies that he requested Mr. Stillwell, the defendant's witness, to secure the money of the defendant to pay up the costs and interest. He admits that he called on Mr. Stillwell on one occasion with his wife, and that she had a conversation with him relative to the foreclosure proceedings. The counsel for the appellant insists that the plaintiff in his evidence does not dispute the statements made by the defendant's witness. We do not concur in this suggestion, as to the effect of his evidence, and think that it, in terms, is a denial of the material part of the statements of the defendant's witness. The learned county judge refused to find, as requested by the defendant, that the plaintiff made the promise set up by the defendant in her answer. All of the defendant's evidence is found in the testimony of this one witness, who is her attorney of record in this action. As the plaintiff was not the owner of the premises embraced in the mortgage, and was under no obligation to pay the debt secured thereby, the law does not infer that the money was paid at his request, with an understanding that he should refund the same; nor was he under any equitable obligation to repay the money advanced by the defendant. The defendant cannot recover without proving a specific promise by a fair preponderance of the evidence. As evidence was given on both sides of the issue, it was for the trial court to determine whether the defendant sustained her alleged counter-claim by a fair preponderance of evidence. It is not a case permitting of an interference by this court with the conclusions of the court below on questions of fact.

The appellant's counsel contended in his written argument that the plaintiff's reply did not put in issue the answer setting up the counter-claim. That it does not comply with the rules of pleading cannot be raised on this appeal, as on the trial the point was not made that the counter-claim was not disputed by the reply. Judgment affirmed, with costs. All concur.